```
          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ALABAMA
              NORTHWESTERN DIVISION
```

FILED
01 JAN -3 PM 2: 47
U.S. DISTRICT COURT
N.D. OF ALABAMA

ALFRED and CONNIE GIST,      )
                             )
    Plaintiffs,              )
                             )
vs.                          )   Civil Action No. CV-00-S-2306-NW
                             )
BLACK BROTHERS COMPANY, INC.,)
                             )
                             )
    Defendant.               )

ENTERED
JAN 3 2001

### MEMORANDUM OPINION

This action is before the court on plaintiffs' motions for leave to amend their complaint to add additional defendants (doc. no. 16), and, to remand the case to state court (doc. no. 17). Upon consideration of the motions, pleadings, and briefs, the court concludes that both motions are due to be denied.

### I. BACKGROUND

This suit arises out of injuries plaintiff Alfred Gist suffered while working for ABCO Office Furniture Company. He contends that he was injured while using a "top and bottom adhesive spreader," a machine manufactured by defendant, Black Brothers Company, Inc. ("Black Brothers"), when his right hand was pulled into an unguarded nip point on the spreader, resulting in a severe degloving injury.

Plaintiffs, Alfred and Connie Gist, brought suit against Black Brothers in the Circuit Court of Lauderdale County, Alabama, on

July 20, 2000, but defendant removed the action to this court on August 18, 2000, based upon the parties' diversity of citizenship.[1]

The complaint contains counts alleging, among other things, that Black Brothers breached a warranty, sold defective and unreasonably dangerous products, and failed to provide adequate warnings concerning the proper and safe manner of operating the machine. The complaint also includes counts asserting claims against fictitious parties, a practice that is permitted by Alabama pleading rules.[2] For example, Count VI of the complaint provides:

> 27. Plaintiffs adopt and incorporate paragraphs 1 through 26 as if set forth fully herein.
>
> 28. Defendants D, E and F are those persons, firms, corporations or entities who or which <u>refurbished, rebuilt, repaired or reconditioned the top and bottom adhesive spreader made the basis of this lawsuit</u> in a defective and unreasonably dangerous condition when put to its contemplated and intended use. The top and bottom adhesive spreader made the basis of this lawsuit was being used by plaintiff Alfred Gist on July 22, 1998 without any substantial change in its condition from the time it was refurbished, rebuilt, repaired, or reconditioned by Defendants D, E and F.
>
> 29. When Defendants D, E and F refurbished, rebuilt, repaired, or reconditioned the top and bottom

---

[1] Black Brothers is a business which is both incorporated and located in the State of Illinois. Plaintiffs are citizens of Alabama.

[2] *See* Ala. R. Civ. P. 9(h), providing that

> [w]hen a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

2

adhesive spreader described herein above, they were required to equip the machine with reasonably adequate guards or other protective devices to minimize the possibility of persons operating or cleaning the machine from getting their hands or other parts of their bodies caught in or between the moving parts thereof. Defendants D, E and F <u>negligently and/ or wantonly</u> failed to refurbish, rebuild, repair or recondition the top and bottom adhesive spreader with such reasonable safety guards or protective devices which Defendants D, E and F knew or in the course of reasonable care should have known were necessary to make or cause said machine to be reasonably safe for the use and purpose for which it was intended.

30. When Defendants D, E and F refurbished, rebuilt, repaired or reconditioned the top and bottom adhesive spreader described herein above, they were required to provide reasonably adequate warnings, instructions and cautions as to the safe use and hazards and possibilities of persons operating the machine getting their hands or other parts of their bodies caught between the moving parts thereof. Defendants D, E and F <u>negligently and/or wantonly</u> failed to refurbish, rebuild, repair or recondition the top and bottom adhesive spreader with reasonable warnings, instructions or cautions which Defendants D, E and F knew or in the exercise of reasonable care should have known were necessary to make or cause said machine to be reasonably safe for the use and purpose for which it was intended.

31. The top and bottom adhesive spreader described herein above was refurbished, rebuilt, repaired or reconditioned for the particular purpose for which it was being used by Alfred Gist on the occasion made the basis of this lawsuit, which said purpose was then known to Defendants D, E and F. The top and bottom adhesive spreader was <u>expressly or impliedly warranted by Defendants D, E and F</u> through trade, custom or usage to be of merchantable quality and to be fit and safe for the purpose for which it was being used, when in fact, the machine was not of merchantable quality, was

>  defective, unfit and unsafe for use by individuals such as plaintiff Gist. Accordingly, Defendants D, E and F breached their warranties of merchantability and fitness.
>
> 32. As a direct and proximate result of the <u>negligence, wantonness, violation of the AEMLD and breach of warranties</u> committed by Defendants D, E and F, plaintiff Alfred A. Gist was injured and damaged....[³]

Similarly, Count VII of the complaint is asserted against fictitious parties "G, H, and I," and it contains the following allegations:

> 33. Plaintiffs adopt and incorporate paragraphs 1 through 32 as it [sic] set forth fully herein.
>
> 34. Defendants G, H and I are those persons, firms, corporations, or entities who or which <u>installed, rigged, wired, inspected or maintained the top and bottom adhesive spreader made the basis of this lawsuit</u> in a defective and unreasonably dangerous condition when put to its contemplated and intended use. The top and bottom adhesive spreader made the basis of this lawsuit was being used by plaintiff Alfred Gist on July 22, 1998 without any substantial change in its condition from the time it was installed, rigged, inspected or maintained by Defendants G, H and I.
>
> 35. When Defendants G, H and I installed, rigged, wired, inspected or maintained the top and bottom adhesive spreader described herein above, they were required to equip the machine with reasonably adequate guards or other protective devices to minimize the possibility of persons operating or cleaning the machine from getting their hands or other parts of their bodies caught in or between the moving parts thereof. Defendants G, H and I <u>negligently and/or wantonly</u> failed to install, rig,

---

³ Complaint, ¶¶ 27-32 (emphasis added).

4

wire, inspect or maintain the top and bottom adhesive spreader with such reasonable safety guards or protective devices which Defendants G, H and I knew or in the course of reasonable care should have known were necessary to make or cause said machine to be reasonably safe for the use and purpose for which it was intended.

36. When Defendants G, H and I installed rigged, wired, inspected or maintained the top and bottom adhesive spreader described herein above, they were required to provide reasonably adequate warnings, instructions and cautions as to the safe use and hazards and possibilities of persons operating the machine getting their hands or other parts of their bodies caught between the moving parts thereof. Defendants G, H and I <u>negligently and/or wantonly</u> failed to install, rig, wire, inspect or maintain the top and bottom adhesive spreader with reasonable warnings, instructions, or cautions which Defendants G, H and I knew or in the exercise of reasonable care should have known were necessary to make or cause said machine to be reasonably safe for the use and purpose for which it was intended.

37. The top and bottom adhesive spreader described herein above was installed, rigged, wired, inspected or maintained for the particular purpose for which it was being used by Alfred Gist on the occasion made the basis of this lawsuit, which said purpose was then known to Defendants G, H and I. The top and bottom adhesive spreader was <u>expressly or impliedly warranted by Defendants G, H, and I</u> through trade, custom or usage to be of merchantable quality and to be fit and safe for the purpose for which it was being used, when in fact, the machine was not of merchantable quality, was defective, unfit and unsafe for use by individuals such as plaintiff Gist. Accordingly, Defendants G, H and I breached their warranties of merchantability and fitness.

38. As a direct and proximate result of the <u>negligence, wantonness, violation of the AEMLD and breach of warranties</u> committed by Defendants G, H and I,

5

>       plaintiff Alfred A. Gist was injured and
>       damaged....[4]

There is no provision for fictitious party practice under federal law or rules of procedure, and "the citizenship of defendants sued under fictitious names [is] disregarded" for purposes of removal. 28 U.S.C. § 1441(a) (last sentence). *See also New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (noting that plaintiff "conceded that fictitious party practice is not permitted in federal court and, thus, her failure to name the parties required that the court strike the parties"); *Murray v. Sevier*, 50 F. Supp. 2d 1257, 1280 (M.D. Ala. 1999) ("no provision for fictitious party practice under federal law"); *Wiggins v. Risk Enterprise Management Limited*, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala. 1998) ("[T]here is no fictitious party practice in the Federal Courts."); *Floyd v. Allstate Insurance Company*, 989 F. Supp. 1435, 1436 n.1 (M.D. Ala. 1998) ("[T]he fictitious Defendants named in Plaintiff's Complaint are due to be dismissed, there being no provision for fictitious party practice under federal law."); *McCree v. Sam's Club*, 159 F.R.D. 572, 574 n.1 (M.D. Ala. 1995) ("there is no provision for fictitious party practice under federal law"); Federal Rule of Civil Procedure 10.

Plaintiffs now contend they recently discovered that certain

---

[4] *Id.* ¶¶ 33-38 (emphasis added).

6

safety features installed by Black Brothers on the top and bottom adhesive spreader had been either removed from the machine or disabled by Alfred Gist's employer, ABCO Office Furniture.[5]

> Soon after counsel for Black Bros. inspected the machine at issue, it [sic] suggested to [plaintiffs' attorney] that certain safety features of the machine had been removed or disabled. ... In response to this, the [plaintiffs' attorney] began investigating the possible viability of co-employee claims, and began taking measures to arrange depositions of representatives of plaintiff's employer, ABCO Office Furniture. However, Black Bros. insisted that they be allowed to depose Gist before other depositions were taken.[6]

Alfred Gist was deposed on November 9, 2000, and two employees of ABCO, Kevin Adams and Randy McDaniel, were deposed on November 10, 2000. Plaintiffs' attorney asserts that "[i]t was not until the depositions of the ABCO employees that the undersigned learned the identities of the co-employee defendants set forth in the proposed amendment, <u>and confirmed that there were viable claims against those individuals</u>."[7]

The "viable claims" to which plaintiffs' attorney refers are based upon Alabama Code § 25-5-11(b), providing that an injured employee "shall have a cause of action against the person" who causes such injuries due to "willful conduct."

---

[5] Plaintiffs indicate that these features include an "operating control bar" and a "self cleaning" mechanism. Motion for leave to amend complaint and add additional defendants (doc. no. 16), ¶ 1.

[6] Plaintiffs' letter brief in support of pending motions, filed on December 15, 2000, at 2.

[7] Motion for leave to amend complaint and add additional defendants (doc. no. 16), ¶ 6 (emphasis supplied).

7

> If personal injury or death to any employee results from willful conduct, as defined in subsection (c) herein, of any officer, director, agent, or employee of the same employer or any workers' compensation insurance carrier of the employer or any person, firm, association, trust, fund, or corporation, or of a labor union, or an official or representative thereof, the employee shall have a cause of action against the person, workers' compensation carrier or labor union.

Alabama Code § 25-5-11(b) (1975) (1992 Replace. Vol.). The phrase "willful conduct" includes:

> The <u>willful</u> and <u>intentional removal</u> from a machine of a safety guard or safety device provided by the manufacturer or the machine <u>with knowledge that injury or death would likely or probably result from the removal</u>; provided, however, that removal of a guard or device shall not be willful conduct unless the removal did, in fact, increase the danger in the use of the machine and was not done for the purpose of repair of the machine or was not part of an improvement or modification of the machine which rendered the safety device unnecessary or ineffective. [Emphasis added.]

Alabama Code § 25-5-11(c)(2) (1975) (1992 Replace. Vol.)

Plaintiffs filed the subject motion for leave to amend their complaint to add additional defendants on December 1, 2000. They ask this court to allow them to substitute the following co-employees for those persons previously described as defendants "D, E, F, G, H, and I":  Chuck Stamm, a citizen of Alabama; Jerry Smiley, a citizen of Texas; Ricky Herston, a citizen of Alabama; Dan Highsfield, a citizen of Alabama; and Walt Cizczson, a citizen of Tennessee.

As previously noted, there is no provision for fictitious

8

party practice under federal law or rules of procedure. Plaintiffs, however, are here seeking to amend their complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, and to join the named co-employees as defendants pursuant to Rule 20. *See generally Sexton v. Principal Financial Group*, 920 F. Supp. 169, 171 (M.D. Ala. 1996) (plaintiffs were allowed to amend their complaint, which named fictitious parties, in order to add additional defendants).

A party may amend its pleadings "once as a matter of course at any time before a responsive pleading is served," but "[o]therwise a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

Rule 20(a) specifies who may be joined as defendants. In pertinent part, the rule provides:

> All persons ... may join in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added). The proposed co-defendants allegedly were involved in the removal or disabling of safety features on the top and bottom adhesive spreader and, hence, either contributed to or caused plaintiffs' injuries. Thus, the

additional defendants appear to be parties who could be properly joined under Rule 20 and, accordingly, this court <u>may</u> allow the joinder of the additional defendants.

Even so, plaintiffs' proposed amended complaint merely alleges the following claims against the persons they seek to join as additional defendants:

> 1. Plaintiffs substitute the following individuals for Defendants D, E and F, and Defendants G, H, and I, said defendants being described with particularity in Counts VI and VII of the original complaint:
>
>    A. Chuck Stamm, upon information and belief a resident citizen of Alabama;
>
>    B. Jerry Smiley, upon information and belief a resident citizen of Texas;
>
>    C. Ricky Herston, upon information and belief a resident citizen of Alabama;
>
>    D. Dan Highfield, upon information and belief a resident citizen of Alabama;
>
>    E. Walt Cizczson, upon information and belief a resident of Tennessee.
>
> 2. <u>Plaintiffs adopt and incorporate Paragraphs 1 through 40 of their original complaint as if set forth fully herein</u>.[8]

Plaintiffs simultaneously filed a motion to remand, arguing that if their proposed amendment is allowed, diversity will be destroyed and the case must be remanded to the Circuit Court of

---

[8] Proposed amended complaint (attached to plaintiffs' motion for leave to amend complaint and add additional parties (doc. no. 16)), ¶¶ 1-2 (emphasis supplied).

10

Lauderdale County, Alabama.

## II. DISCUSSION

In removal cases, Rules 15 and 20 of the Federal Rules of Civil Procedure must be read in conjunction with 28 U.S.C. § 1447(e), providing:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

When deciding whether the joinder of defendants whose addition would destroy diversity subject matter jurisdiction is appropriate under § 1447(e), the court should consider such factors as the following: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiffs have been dilatory in asking for the amendment; (3) whether plaintiffs will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.[9] *See, e.g., Bevels v. American States Insurance Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182

---

[9] Consideration of such factors

gives the court more flexibility than a strict Rule 19 analysis. ... Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as signaling a departure from a strict Rule 19 analysis and providing for a flexible, broad discretionary approach of the type prescribed in *Hensgens*. ...

Jarriel v. General Motors Corp., 835 F. Supp. 639, 641 (N.D. Ga. 1993) (internal quotations and citations omitted).

(5th Cir. 1987)[10]).

Applying these factors[11] to this case, the court concludes that the first is dispositive.

Plaintiffs assert a valid purpose for joining the additional defendants: Alabama Code § 25-5-11(b) expressly provides a cause of action against co-employees whose "willful conduct" causes another employee an injury. If, however, plaintiffs have failed to state a <u>viable</u> claim against the proposed co-employee defendants, that failure would suggest that the amendment's purpose is to defeat this court's jurisdiction.

The exclusivity provision found in Alabama Code § 25-5-53 provides, in pertinent part, the following general rule regarding Alabama's workers' compensation laws:

> The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, his or her personal representative, parent, dependent, or next of kin, at common law, by statute, or otherwise on account of injury, loss of services, or death.

Stated differently, the remedies provided in the workers' compensation statutes comprise the exclusive remedies "in every

---

[10] While *Hensgens* was decided prior to the enactment of § 1447(e), the factors enunciated there are still applicable. "Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as ... providing for a flexible, broad discretionary approach of the type prescribed in *Hensgens*." Carter v. Dover Corp., 753 F. Supp. 577, 579 (E.D. Pa. 1991).

[11] Some courts have found that consideration of all the factors listed in *Hengens* is not required. For example, in Hughes v. Promark Lift, Inc., 751 F. Supp. 985, 987 (S.D. Fla. 1990), the court concluded that § 1447(e) "does not <u>require</u> a tribunal to make an inquiry into the Plaintiff's motive in adding a non-diverse defendant." (Emphasis added).

12

case of personal injury or death of an employee caused by an accident arising out of and in the course of the employment." Alabama Code § 25-5-51 (1975) (1992 Replace. Vol.).

Section 25-5-11(b) further provides that, "[i]f personal injury ... to any employee results from the willful conduct, as defined in subsection (c) herein, of any ... employee of the same employer ..., the [injured] employee shall have a cause of action against the person." Thus, Alabama workers' compensation law "prohibits co-employee suits based upon negligence or wantonness and permits only suits founded upon 'wilfull conduct' (as that conduct is defined in § 25-5-11)." *Hutchins v. Huntley*, 595 So. 2d 886, 888 (Ala. 1992).[12]

Section 25-5-11(c)(2) defines "willful conduct" as including "[t]he <u>willful</u> and <u>intentional removal</u> from a machine of a safety guard or safety device provided by the manufacturer or the machine <u>with knowledge that injury or death would likely or probably result</u>

---

[12] The legislative intent underlying the workers' compensation statutes pertaining to the liability of co-employees is found in Alabama Code § 25-5-14, providing in part:

> The legislature finds that actions filed on behalf of injured employees against officers, directors, agents, servants, or employees of the same employer seeking to recover damages in excess of amounts received or receivable from the employer under the workers' compensation statutes of this state and predicated upon claimed <u>negligent or wanton conduct</u> resulting in injuries arising out of and in the course of employment are contrary to the intent of the legislature in adopting a comprehensive workers' compensation scheme and are producing a debilitating and adverse effect upon efforts to retain existing, and to attract new industry to this state. [Emphasis supplied.]

13

from the removal...." [Emphasis added.]

Here, however, plaintiffs have alleged only negligent and wanton conduct on the part of the persons they seek to join as defendants. Moreover, the complaint does not assert a "willful and intentional removal" of a "safety guard or safety device." Rather, Counts VI and VII allege only <u>negligence</u> or <u>wantonness</u> in the "refurbish[ing], rebuild[ing], repair[ing], recondition[ing], install[ation], rig[ging], wir[ing], inspect[ion], or main[tenance]" of the top and bottom adhesive spreader. Plaintiffs also failed to allege that the named co-employees acted with the "knowledge that injury or death would likely or probably result from the removal" of a safety device. Thus, plaintiffs have not stated a claim upon which relief can be granted, based upon the "willful conduct" of a co-employee under Alabama Code §§ 25-5-11(b) and (c)(2).

Alabama courts have consistently determined that similar pleadings fail to state a claim based upon sections 25-5-11(b) and (c). For example, in *Hutchins v. Huntley*, 595 So. 2d 886 (Ala. 1992), an injured plaintiff sought to assert an action against co-employees pursuant to § 25-5-11. His complaint consisted only of allegations of negligent and wanton behavior by the co-employees. Defendants moved to dismiss, saying such allegations were not sufficient to state a claim under Alabama law. Plaintiff argued

14

that his complaint merely "painted the broad stroke outlines of a cause of action against a co-employee," and that it was sufficient to encompass a claim based upon the "willful conduct" of a co-employee under § 25-5-11. The plaintiff also contended that

> his failure to use the word "willful or "wilfulness" in describing the wrongful conduct of [his co-employees did] not mean that he failed to state a cause of action against them, because ... he made a sufficient allegation of their wrongful conduct ... in the original complaint.

*Id.* at 889. The Alabama Supreme Court disagreed, holding that allegations of negligence and wantonness did not state a claim upon which relief could be granted under the statute. *Id.* at 889.

Similarly, in *Thermal Components, Inc. v. Golden*, 716 So. 2d 1166 (Ala. 1998), a plaintiff injured in the line and scope of his employment alleged that his supervisors "negligently or wantonly" failed to install a safety device that could have prevented his injuries. *Id.* at 1168. The supervisor defendants moved to dismiss, arguing that such allegations, asserting no facts indicating that the co-employees "willfully" injured plaintiff, were insufficient to state a claim under § 25-5-11(b) and (c). The Alabama Supreme Court agreed, finding that plaintiff's "general assertions that [his co-employees] 'negligently or wantonly' failed ... to adequately provide [plaintiff] with a safe place to work [did] not support an action under § 25-5-11(c)(1) for recovery in excess of that provided by the Workers' Compensation act." *Id.* at

15

1169; see also *Blackwood v. Davis*, 613 So. 2d 886, 887 (Ala. 1993) (holding that plaintiff's allegations of negligence did not satisfy the "willful conduct" standards required by sections 25-5-11(b) and (c)); *Barron v. CNA Insurance Co.*, 678 So. 2d 735 (Ala. 1996) (affirming a summary judgment in favor of co-employees where plaintiff alleged negligent and wanton conduct, but not willful conduct, as required by § 25-5-11(c)).

Plaintiffs' failure to state a viable claim for co-employee liability under sections 25-5-11(b) and (c) strongly suggests that the purpose of the proposed amendment is to defeat this court's jurisdiction.[13]

### III. CONCLUSION

Based on the foregoing, this court finds that plaintiffs' motions are due to be denied. An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this **3rd** day of January, 2001.

_____
United States District Judge

---

[13] Defendant filed a written response to plaintiffs' pending motions on December 14, 2000. In that response, defendant set out its arguments pertaining to plaintiffs' failure to state a claim against the proposed co-employee defendants. Nothing has been said in plaintiffs' letter brief to more clearly establish a claim against the proposed defendants. This fact further reinforces the intimation that the purpose of plaintiffs' amendment was defeat this court's jurisdiction.